IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELI DICKERSON,[1] | § | |
| | § | No. 432, 2017 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN16-02507 |
| YULIA LUCILLE SAGE, | § | Petition Nos. 16-12406 |
| | § | 17-23141 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: January 26, 2018
Decided: March 28, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

This 28th day of March 2018, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The respondent below-appellant, Eli Dickerson ("the Husband"), filed this appeal from the Family Court's September 19, 2017 letter decision and order: (i) denying the Husband's motion for reargument of a child support order; (ii) denying the Husband's motion for relief from a judgment or order; and (iii) granting in part the Husband's motion for relief from clerical mistakes or mathematical errors.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

(2)     The parties were married on September 20, 2013, separated on April 12, 2016, and divorced on November 3, 2016. In 2014, they moved from Canada to the United States. They have two children, a daughter born in 2014 and a daughter born in 2015 (collectively, "the Children"). When the petitioner below-appellee, Yulia Lucille Sage ("the Wife") filed for divorce, she requested ancillary relief, including property division and alimony. On January 3, 2017, the parties submitted a completed Family Court Civil Rule 16(c) Financial Report.

(3)     A scheduling order was entered on February 7, 2017. The ancillary matters hearing was scheduled for May 26, 2017, with a pretrial conference on April 27, 2017. The Family Court Civil Rule 52(d) Ancillary Pretrial Stipulation was due five business days before the pretrial conference.

(4)     As required by the scheduling order, the Wife completed her portion of the Rule 52(d) Stipulation and provided a copy to the Husband. The Husband failed to submit the Rule 52(d) Stipulation with his portion completed. The Family Court filled out the Husband's portion of the Rule 52(d) Stipulation at the April 27, 2017 hearing and entered the Rule 52(d) Stipulation.

(5)     The Family Court held the ancillary hearing on May 26, 2017. On July 14, 2017, the Family Court held a teleconference with the parties to address child

2

support. Both parties agreed that it would be best to calculate child support at the same time as the ancillary matters of property division and alimony were resolved. On July 31, 2017, the Family Court issued a letter decision and order dividing the parties' marital property and determining that the Wife needed, and the Husband could pay $245.00 in alimony and $1,750.00 in child support on a monthly basis. Until a child support ordered was entered, the Family Court ordered the Husband to pay $1,750.00 per month in non-taxable alimony and $245.00 in taxable alimony. On July 31, 2017, the Wife filed a petition for child support.

(6)     On August 7, 2017, the Husband filed a motion for reargument of the July 31, 2017 order on the grounds that his TD Bank 401(k) plan had a different value on the date of separation than the figure listed by the Family Court in the matters that the parties agreed upon. On August 9, 2017, the Wife filed a motion for reargument of the July 31, 2017 order based on the Family Court's division of debt and valuation of an account in Canadian, rather than U.S., dollars.

(7)     On August 8, 2017, the Family Court entered the child support order for $1,750.00. On August 10, 2017, the Husband filed a motion for reargument of the child support order on the grounds that the Family Court overlooked the Father's 401(k) contributions and medical insurance payments. The Father also argued that he was entitled to a 10% parenting-time adjustment based on more than 80 overnight visits in a year with the Children.

3

(8) On August 23, 2017, the Husband filed a motion for relief from judgment under Family Court Civil Rules 60(b)(3) and 60(b)(6), alleging that the Mother had dissipated $4,044.99 in marital assets. The Husband also filed a motion for relief from clerical mistakes or mathematical errors under Family Court Civil Rule 60(a), arguing that the August 8, 2017 child support order incorrectly listed the Wife's salary and that there should be Canada Child Benefits for both of the Children, not just one. On August 28, 2017, the Husband filed a motion to amend the motion for relief from clerical mistake or mathematical error on the grounds that, as of August 15, 2017, the Canada Child Benefits had increased by $110.00 per month.

(9) In an order dated August 29, 2017, the Family Court denied the Husband's motion to amend the relief from clerical mistake or mathematical error. In a letter decision and order dated September 19, 2017, the Family Court addressed the Husband's other motions and the Wife's motion for reargument of the July 31, 2017 order. The Family Court: (i) granted in part the Wife's motion for reargument; (ii) granted in part the Husband's motion for reargument as to the ancillary order; (iii) denied the Husband's motion for reargument as to the child support order; (iv) denied the Husband's motion for relief from judgment under Rules 60(b)(3) and 60(b)(6); and (v) granted in part the Husband's motion for relief from clerical

4

mistakes or mathematical errors under Family Court Civil Rule 60(a). This appeal followed.

(10) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]

(11) On appeal, the Husband first argues that the Family Court failed to consider his 401(k) contribution of $262.50 per month in calculating child support. In denying this claim in the Husband's motion for reargument, the Family Court held that no evidence of an ongoing 401(k) contribution was presented at the May 26, 2017 hearing. The paystub offered at the hearing did not show a 401(k) contribution.

(12) The Husband argues that the Family Court acknowledged his current 401(k) contribution throughout the proceedings, without identifying where, and that he offered evidence of his 401(k) contribution in the motion for reargument. As the Family Court recognized, the Husband should have provided evidence of his 401(k) contribution at the May 26, 2017 hearing, not in the motion for reargument.[5] Although the Husband was precluded from introducing exhibits at the May 26, 2017

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).

[3] *Id.*

[4] *Id.*

[5] *See, e.g., Aranda v. Philip Morris USA Inc.,* 2018 WL 1415215, at *7 (Del. Mar. 22, 2018) (recognizing that motions for reargument are not the appropriate method for raising new arguments that were not presented in a timely way); *Price v. Price,* 2013 WL 3788247, at *2 (Del. July 17, 2013) (affirming the Family Court's denial of a motion for reargument that asserted arguments that either were, or could have been, made at the ancillary hearing).

hearing because of his failure to comply with the requirement in the scheduling order and Rule 52(d) Stipulation that the parties exchange exhibits at least seven days before the hearing, he still had the ability to introduce exhibits for impeachment purposes.

(13) The Husband also distinguishes the pay stub offered at the May 26, 2017 hearing from the pay stubs attached to his motion for reargument. The Husband further contends that the Wife did not supply the pay stub as an exhibit in a timely manner. There is no indication in the record that the Husband made these arguments below. We will not consider them for the first time on appeal.[6]

(14) In addition, to the extent the Husband challenges the introduction of the pay stub at the May 26, 2017 hearing, we cannot review that claim in the absence of a transcript of the May 26, 2017 hearing. An appellant must provide the Court with "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred [as well as] a transcript of all evidence relevant to the challenged finding or conclusion."[7] The Husband did not request the preparation of any transcripts in this appeal.

(15) The Husband next contends that the Family Court erred in using a monthly medical insurance payment of $210.00 based on the parties' Rule 16(c)

---

[6] Supr. Ct. R. 8.
[7] Del. Supr. Ct. R. 14(e). *See also Mahan v. Mahan*, 2007 WL 1850905, at *1 (Del. June 28, 2007) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

6

Financial Report, instead of $247.50 as reflected in the pay stubs attached to his motion for reargument, in calculating child support. As with the 401(k) contribution, there is no indication that the Husband offered any evidence of the $247.50 monthly medical insurance payment at the May 26, 2017 hearing or before the Family Court's July 31, 2017 and August 8, 2017 orders. It was improper for the Husband to wait until the motion for reargument to raise this claim.[8]

(16) The Husband next argues that the Family Court failed to make a parenting time adjustment to his child support obligation. A parent paying child support is entitled to retain a percentage of the support if the child spends an average of more than 79, but less than 164, annual overnights with that parent.[9] In denying this claim in the Husband's motion for reargument, the Family Court held that the Husband did not have more than 80 overnight visits per year as he claimed. The Family Court did not err in denying this claim.

(17) The Husband argues that the Family Court overlooked the provisions of a February 20, 2017 custody order. Under the order, which was subject to review in six months, the children spent Friday and Saturday night with the Husband every other weekend, plus two weeks of vacation. If, however, the Wife left the United States to look for employment and the parties could not work out a schedule, then

---

[8] *See supra* n.5.
[9] Fam. Civ. Ct. R. 505(c).

7

the Wife would have the children for two weeks and the Husband would have the children for one week.

(18) The Husband argues that the Wife had been going to Canada to look for work so they had been following the two week with the Wife/one week with the Husband schedule. If this schedule was followed for an entire year, then the Husband would have more than 80 overnight visits with the Children. There is no indication that the Husband raised this argument or offered any evidence to support this claim at the May 26, 2017 hearing or before the Family Court's July 31, 2017 and August 8, 2017 orders. Again, it was improper for the Husband to wait until his motion for reargument to raise this claim.[10]

(19) The Husband next argues that the Family Court erred in denying his motion for relief from the judgment under Rule 60(b)(3) and 60(b)(6), alleging that the Wife transferred marital funds to her personal account in November 2016. Under Rule 60(b)(3), the Family Court family may relieve a party from a final judgment due to the fraud of an adverse party. Under Rule 60(b)(6), the Family Court may relieve a party from a final judgment for any other reason justifying relief.

(20) In denying the Husband's motion, the Family Court held that the Husband could have raised this claim at the May 26, 2017 hearing, but failed to do so. The Family Court noted that the Husband did not claim that the Wife had hidden

---

[10] *See supra* n.5.

8

the bank statements from him or that he had just found the bank statements. The address of the Husband's Canadian condominium appeared on one of the bank statements. The Family Court also noted that the Husband had failed to follow a court order that required him to submit an affidavit under 10 *Del. C.* § 8803 with any filing due to his previous filing of multiple, frivolous motions. Having carefully considered the parties' positions and the record below, we conclude that the Family Court did not err in denying this motion. The Husband now offers additional reasons for why he failed to raise this claim until August 2017, but he did not raise these arguments below, and we will not consider them for the first time on appeal.[11]

(21) The Husband next contends that the Family Court erred in denying his motion for relief from clerical mistakes or mathematical errors under Rule 60(a) because both Children, not just one of the Children, receive monthly Canada Child Benefits. Under Rule 60(a), the Family Court may correct, at any time, "[c]lerical mistakes and mathematical errors in judgments, orders, or other parts of the record and errors therein arising from oversight or omission." In denying this claim, the Family Court held the Husband could have raised this argument and provided the necessary documentation at the May 26, 2017 hearing. The Family Court did not err in denying this claim. The Family Court could not miscompute, overlook, or

---

[11] Supr. Ct. R. 8.

omit information in the July 31, 2017 and August 8, 2017 orders that was not provided until the Husband's August 23, 2017 motion for reargument.

(22) Finally, the Husband requests credit for all mortgage payments he made between May 1, 2016 and May 31, 2017 under the terms of a Protection From Abuse Order dated April 29, 2016. There is no indication that the Husband made this argument in the Family Court. We will not consider it for the first time on appeal.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[12] Supr. Ct. R. 8.